UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

v.   18-cr-012 A(5)   Case No. 2:10-cr-00197 and
                              2:18-cr-00012
BRANDON TURNER

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED MAR 30 2020  WP
CAROL L. MICHEL
CLERK

## WRIT OF HABEAS CORPUS FOR SENTENCE COMPUTATION ERROR

Comes now Brandon Turner before this honorable justice court, who brings this WRIT OF HABEAS CORPUS FOR SENTENCE COMPUTATION ERROR construed with U.S. Constitution Art. 1 Sec. 9 and shall show the following to wit:

Turner who has recieved a term of "time served" for sentence docketed as 2:10-cr-00197 which was to run concurrent with case No. 2:18-cr-00012 is with his 4th Amendment rights violated construed with his papers and his person. Such due process error has been made in accordance with a policy that is in conflict with the "Order" of the court by the B.O.P.. Such order was given by Judge Nannette Brown on March 27, 2019 and Judge Jay C. Zainey on April 16, 2019 that such was to be ran concurrently and given credit from the date of his arrest on August 2, 2017 which is to be carried out as the order the court has prescribed (see Attached). For such to be construed to apply any other way than the court specified is a 5th Amendment violation which the B.O.P. is not privileged to evade. The article 6 oath of fidelity extends to all branches of government and it's agents or employees.

"Since the constitution is intended for the observance of the judiciary as well as other departments of government and the judges are sworn to support it's provisions, the courts are not at liberty to overlook or disregard it's commands or counteract evasions thereof, it is their duty in authorized proceedings to give full effect to the existing constitution and to obey all constitutional provisions irrespective of their opinion as to the wisdom or the desirability of such provisions and irrespective of the consequences, thus it is said that the courts should be in our alert to enforce the provisions of the United States Constitution and guard against their infringement by legislative fiat or otherwise in accordance with these basic principles, the rule is fixed that the duty in the proper case to declare a law unconstitutional cannot be declined and must be performed in accordance with the delivered judgment of the tribunal before which the validity of the enactment it is directly drawn into rule, it is the duty of the courts to declare that the constitution and not the statute governs in cases of such judgement." 16Am Jur 2d., Sec. 155., Emphasis Added

TENDERED FOR FILING
MAR 30 2020
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

However, upon Turner contacting the court a order was given to the B.O.P. by Chief Judge Nannette Jolivette Brown to carry out the order as prescribed by the court. The B.O.P. has remained consistent that such shall remain the same as if they are sovereign and are not obligated to adhere to the prescription of the court. The U.S. Constitution has not delegated such power to the B.O.P. to disregard the due process of the court and the security of papers of the people thereby the B.O.P. is in violation of the 10th Amendment at this time due to such. The 14th Amendment is to be construed to apply as well in that a rule has been made that abridges the privileges and immunities of Turner in this instance. A policy cannot over-ride the constitution, neither can a statute, rule, etc....

"Where rights secured by the constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 436, 491

"All codes, rules, and regulations are for government authorities only, not human creators in accordance with God's laws. All codes, rules, and regulations are unconstitutional and lacking due process..." Rodriguez v. Ray Donavan (Department of labor) F.2d 1344, 1348 (1985)

"The common law is the real law, the supreme law of the land, the code rules, regulations, policy and statutes are "not the law."" Self v. Rhay, 61 Wn (2d) 261

However such is still just a minor computation error due to the court already rendering a order in the regard to time served and that all the time that is to be credited by way of concurrent sentences. In such regard Fed. R. Crim. Pro. R. 36 is able to be applied to fix such an error which could be mindless in nature.

"Rule 36 provides that the district Court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from "oversight" or "omission." Rule 36 is a limited tool and is meant only to correct mindless and mechanistic mistakes." United States v. Mackay, 757 F.3d 195, 200 (5th cir. 2014)

It is at this time requested that the 15 months presentence credit from the dates of his arrest of August 2, 2017 through October 30, 2018 that is to be credited to Turner be implemented.

## PRAYER

Turner hereby prays that this justice Court grant this writ and correct the sentence computation error made by the B.O.P. construed with Rule 36 of the Fed. R. Crim. Pro. or in the alternative extradite Turner for the purpose of amending the judgment from "Time Served" to 15 months or from 80 months to 65 months if such is necessary for the interest of justice to make such time credited be applied as the courts consistently and firmly agree.

Date: 3/26/20

Respectfully

Pro Se: Brandon Turner

## AFFIDAVIT

I Brandon Turner, being over 18 years of age do swear that all facts and statements are true and correct not meaning to mislead any under the penalty of perjury.

Date: 3/26/20

Brandon Turner

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a copy of this writ to the clerk of court at 500 Poydras St., New Orleans, LA 70130

Date: 3/26/20

Brandon Turner

Page 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2019 AUG 26 P 4: 24

WILLIAM W. BLEVINS
CLERK

UNITED STATES OF AMERICA      CRIMINAL

VERSUS      NO. 10-197

BRANDON TURNER      SECTION "G"

### ORDER

The attached letter dated July 29, 2019 was received in chambers from Defendant Brandon Turner.[1] The Court, however, will not act upon an *ex parte* request made by "letter."[2] This Court previously instructed Mr. Turner to stop sending correspondence directly to chambers.[3] However, in the interest of justice, the Court, finding that Mr. Turner was previously represented by the Federal Public Defender's Office, will appoint counsel to investigate the issues raised in Mr. Turner's letter and file any appropriate motions. Accordingly,

**IT IS HEREBY ORDERED** that the Office of the Federal Public Defender is appointed to investigate the issues raised in Brandon Turner's letter dated July 29, 2019 and attached to this Order, and file any appropriate motions on his behalf on or before October 15, 2019.

**IT IS FURTHER ORDERED** that Mr. Turner stop sending correspondence to chambers.

NEW ORLEANS, LOUISIANA, this <u>26th</u> day of August, 2019.



NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] *See* attached correspondence.
[2] Rule 47 of the Federal Rules of Criminal Procedure provides that "[a] party applying to the court for an order must do so by motion." "These procedures are not ceremonial: they serve to apprise the court of important business that needs attending." *United States v. Smart*, 488 F. App'x 790, n. 2 (5th Cir. 2012). The Fifth Circuit has noted that where a defendant "docketed a letter with the court," rather than filing the appropriate motion, "he can hardly complain that it was not addressed or noted." *Id.*
[3] Rec. Doc. 474, Order dated April 25, 2019.

_ Fee_____
_ Process_____
✓ Dktd_____
_ CtRmDep_____
_ Doc. No._____

The Honorable Chief Judge N. Brown
300 Poydras St.
Courtroom C-227
New Orleans, LA 70130

Brandon Turner 31572-003
Federal Correctional Inst.
P.O. Box 4050
Pollock, LA 71467

7/29/19

Dear Honorable Judge N. Brown,

Or whom it may concern. I'm still having difficulties recieving 15 months pre-sentence credit for time served and concurrent services from the date of my arrest.

The B.O.P.'s Designation Sentence And Computation Center isn't honoring the Court's orders enclosed.

As defined by the B.O.P.'s Program Policy Statment Manual 5880.28(3),(C): The B.O.P. is interpreting a sentence imposed by a court for "Time Served", means that all time spent in official detention (prior custody time), as a result of the offense for which sentence was imposed, is included in the "Time Served" sentence which the court imposed and cannot be awarded to any other sentence.

Whereas my understanding at sentencing of the judicial purpose of "Time served" related to the pre-sentencing credit, was that, credit is to be applied concurrently to all sentences clearly ordered on the Judgement & Commitments.

This is plainly a procedure or clerical error because this wasn't the Courts intent.

Can you please help me Judge Brown? I'm humbly asking, would you re-sentence me to a 15 month imposed sentence instead? Can you send B.O.P (DSCC) a new J&C with a 15 month sentence, so it can run concurrent and recieve a multiple credit? Or, would you ask Judge Zainey to send B.O.P.'s (DSCC) a new/amended J&C, deducting the 15 months lost credit

or any other method to getting this resolved? Your assistance & response is very much appreciated and I thank you in advance.

Cordially

R_____

Brancelon Turner #31572-034
Federal Correctional Institution
P.O. Box 4050
Pollock, Louisiana 71467

P.S.
I also enclosed a copy of the co-respondence between the Correctional Systems Officer here at this institution and DSCC, after Mr. Duplechien forwarded a copy of the Courts orders to DSCC himself.
I don't understand the B.O.P. not honoring the Courts orders because it is by the courts that I was sentenced to the B.O.P., and if the courts were to order the B.O.P. to release me, they (DSCC) would have to do it.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 18-12 |
| BRANDON TURNER | SEC. "A" MAG. 5 |

## ORDER

Upon request of the defendant, the Court hereby issues a clarification of sentence. Accordingly,

**IT IS ORDERED** that the Defendant Brandon Turner be given credit for time served from the date of his arrest on August 3, 2017.

**IT IS FURTHER ORDERED** that the sentence in the above captioned matter run **CONCURRENT** to his sentence in case number 2:10-cr-197-G

New Orleans, Louisiana, Tuesday, April 16, 2019.

_____
Judge Jay C. Zainey
United States District Court

CLERK'S OFFICE
A TRUE COPY
Jul 23 2019
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 10-197 |
| BRANDON E. TURNER | SECTION: "G" |

ORDER

On October 18, 2018, this Court revoked a term of supervised release previously imposed on Defendant Brandon E. Turner ("Turner") and sentenced him to the custody of the Federal Bureau of Prisons ("BOP") for a term of time served as to Count One of the Superseding Bill of Information, to run concurrent with any sentence imposed under Case No. CR 18-12 "A."[1] On March 20, 2019, Turner contacted the Court by letter, asserting that the BOP has not calculated Turner's sentence in accordance with the October 18, 2018 Judgment.[2] The Fifth Circuit has recognized that "[t]he BOP–as opposed to the federal courts–is the entity authorized to determine where a federal sentence will be served, when it begins, and, in certain respects, how long it will last."[3] However, the district court determines the length of the sentence imposed.[4] Accordingly, the Court hereby orders the BOP to ensure that its computation of Turner's sentence complies with the October 18, 2018 Judgment imposed in this case.[5]

---

[1] Rec. Doc. 465.

[2] *See* attached correspondence.

[3] *United States v. Cibrian*, 374 F. App'x 524, 530 (5th Cir. 2010) (citing 18 U.S.C. § 3621; *see United States v. Wilson*, 503 U.S. 329, 337 (1992) (Attorney General, through the BOP, computes the amount of § 3585(b) credit after the defendant has begun to serve his sentence); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir.1992) ("credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing")).

[4] *See* 18 U.S.C. § 3582.

[5] Rec. Doc. 465.

Based on the foregoing,

IT IS HEREBY ORDERED that the Clerk of Court shall serve a copy of this Order and the October 18, 2018 Judgment on the Bureau of Prisons. The Bureau of Prisons shall ensure that its computation of Turner's sentence complies with the Judgment imposed in this case.

IT IS FURTHER ORDERED that the United States Attorney's Office facilitate compliance with this Order.

NEW ORLEANS, LOUISIANA, this 27th day of March, 2019.

NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT



(a) No credit shall be given based solely on documents or information received from a prisoner, a defense attorney, or other person or organization acting on the behalf of the inmate. Information from such sources shall be thoroughly investigated and verified before credit may be given. The verification effort will consist of one communication (with written documentation that contact was made, either in the form

of a copy of the letter, fax, or teletype message, or by documenting the phone call) and one following communication if no response is received. If the follow-up communication produces no

response, the matter should be referred to the appropriate

Regional Inmate Systems Administrator.

(b) Should the Judgment and Commitment order make a **recommendation** that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be

treated as surplusage and the credit will not be allowed. No

letter need be written to the court that the time was not

awarded. ==If the court, however, orders== that a period of time be

awarded that is not authorized, a letter must be sent to the appropriate U.S. Attorney requesting assistance in resolving the problem (Follow the instructions in the **Inmate Systems Manual** for

communicating with the U.S. Attorney and the **Reno v. Koray** instructions beginning on page 1 - 14F, if applicable). Pending resolution of the problem, the sentence shall be computed as

reflected on the Judgment and Commitment.        *

(3) <u>QUESTIONABLE SITUATIONS.</u> Questions or problems that arise as to the applicability of any of the provisions of this policy shall be referred to the Regional Inmate Systems Administrator. Any resolution of a question or problem that may require a decision outside of, or contrary to, this policy or that may require a precedent setting decision, shall be referred to the Chief of Inmate Systems in the Central Office for review.

proj

1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Brandon Turner #31572-034
Federal Correctional Institution
P.O. Box 4050
Pollock, La. 71467

Legal Mail

United States District Court
Office Of The Clerk
Federal Courthouse Building
500 Poydras St Room C-151
New Orleans, La 70130

